## The People of the State of Illinois, Defendant in Error, v. Edward L. Herrick, Plaintiff in Error.

### Gen. No. 6,229.    (Not to be reported in full.)

Error to the County Court of McHenry county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed May 9, 1916.

### Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Edward L. Herrick, defendant, charging him with wife abandonment and refusal to support his wife. From a conviction, defendant prosecutes a writ of error.

Defendant, Edward L. Herrick, was, on a trial by the court without a jury, found guilty and fined under an information filed by the State's Attorney in the County Court of McHenry county, September 24, 1915. The information as amended charged, that on to wit, the 24th day of May, 1914, at and within said county, Edward L. Herrick, the defendant, "wilfully, maliciously and without reasonable cause, did abandon in destitute and necessitous circumstances" his wife, Teresa Herrick, "and did then and there neglect and refuse to maintain and provide for her." This was a penal offense under the Wife Abandonment Act of 1903 (J. & A. ¶ 3431). The Legislature by an act approved June 24, 1915 (Laws of 1915, page 470) [Cal. Ill. St. Supp. 1916, ¶ 3433(1) *et seq.*], passed an act providing: "That every person who shall, without any reasonable cause, neglect or refuse to provide for the support or maintenance of his wife, said wife being in destitute or in necessitous circumstances," shall be punished, etc., omitting the offense of abandonment theretofore existing. This act was in force when the

present information was filed. It expressly repealed all other acts or parts of acts in conflict therewith.

The issue tried was raised by a plea of the defendant: "That he is not guilty of wilfully, maliciously and without reasonable cause abandoning in destitute and necessitous circumstances Teresa Herrick in manner and form as charged in the said information, as amended." The finding of the court was that, "The said defendant, Edward L. Herrick, is guilty of wilfully, maliciously and without reasonable cause abandoning in destitute and necessitous circumstances Teresa Herrick, in manner and form as charged in said information."

The evidence seemed to show that the defendant was a resident of the State of Wisconsin at the time the information was filed, and at the time the Act of 1915 came in force.

WAITE & DONOVAN, for plaintiff in error.

DAVID R. JOSLYN, for defendant in error.

PER CURIAM.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 275*—*when finding insufficient as basis for conviction for wife desertion.* On an information charging that the defendant "wilfully, maliciously and without reasonable cause, did abandon in destitute circumstances" his wife, "and did then and there neglect and refuse to maintain and provide for her," where the defendant pleaded: "That he is not guilty of wilfully, maliciously and without reasonable cause abandoning in destitute and necessitous circumstances * * * [his wife] in manner and form as charged in the said information," even though the offense of abandoning, which was repealed before the information was filed, be considered as surplusage, a conviction cannot be sustained on a finding that "the said defendant, * * * is guilty of wilfully, maliciously and without reasonable cause abandoning in destitute and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

necessitous circumstances  *  *  *  [the wife] in manner and form as charged in said information," since no issue would have then been formed and there was no finding made on the charge of neglect or refusal to provide for the support of the wife as set out in the repealing statute in force at the time of the filing of the information.

2. HUSBAND AND WIFE—*when resident of another State not guilty of refusal to support wife.* Under Cal. Ill. St. Supp. 1916, ¶ 3433 (1) *et seq.*, making refusal of a husband to support his wife a criminal offense, a conviction cannot be had of a husband who was a resident of another State at the time the act went into effect and at the time the information was filed.